UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SARAH DEADNER, as Guardian of
the Estate and Person of DUFF DEADNER
an incapacitated person                                                  PLAINTIFFS

vs.                                       CASE NO.: CV 10-4029

LITTLE RIVER NURSING HOME, INC., et al                    DEFENDANTS

SEPARATE DEFENDANT, LITTLE RIVER COUNTY, ARKANSAS' ANSWER TO
PLAINTIFF'S COMPLAINT

Comes Separate Defendant, Little River County, Arkansas, by and through counsel,

Ralph C. Ohm and C. Burt Newell, and for its Answer to Plaintiff's Complaint, respectfully

states the following:

I.      PARTIES

        1.      Separate Defendant has insufficient information or knowledge to admit or deny

those allegations contained in paragraphs 1 and 2 of Plaintiff's Complaint; therefore, all

allegations contained in these paragraphs are denied.

        2.      Separate Defendant admits the allegations contained in paragraph 3 of Plaintiff's

Complaint.

        3.      Separate Defendant denies the allegations contained in paragraph 4 of Plaintiff's

Complaint.

        4.      Separate Defendant has insufficient information or knowledge to admit or deny

those allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, and 12 of Plaintiff's Complaint;

therefore, all allegations contained in these paragraphs are denied.

II.   <u>JURISDICTION AND VENUE</u>

5.    Separate Defendant admits that the Plaintiff is suing the Defendants pursuant to the Statutes cited in paragraph 13, but denies that they are entitled to any relief and that all allegations of constitutional violations contained in paragraph 13 of Plaintiff's Complaint.

6.    Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraph 14 of Plaintiff's Complaint; therefore, all allegations contained in this paragraph is denied.

7.    Separate Defendant admits that the Plaintiff is suing the Defendants pursuant to the Statutes cited in paragraph 15, but denies that they are entitled to any relief and that all allegations of constitutional violations contained in paragraph 15 of Plaintiff's Complaint.

8.    Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraph 16 of Plaintiff's Complaint; therefore, all allegations contained in this paragraph is denied.

III.   <u>FACTS</u>

9.    Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 of Plaintiff's Complaint; therefore, all allegations contained in these paragraphs are denied.

10.    Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraphs 20, 21, 32, 33, 34, 35, 36, 37, 38, and 39 of Plaintiff's Complaint; therefore, all allegations contained in these paragraphs are denied.

11.    Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraphs 40, 41, 42, 43, 44, and 45 of Plaintiff's Complaint;

therefore, all allegations contained in these paragraphs are denied.

IV.    BREACH OF CONTRACT

12.    Separate Defendant acknowledges that Plaintiff incorporates all of the allegations in paragraphs 1 - 46 as alleged in paragraph 46 of Plaintiff's Complaint.  All allegations that were denied before are denied again.

13.    Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraphs 47, 48, 49, 50, 51, 42, and 53 of Plaintiff's Complaint; therefore, all allegations contained in these paragraphs are denied.

V.    VIOLATION OF THE LONG TERM CARE RESIDENT'S RIGHTS STATUTE

14.    Separate Defendant acknowledges that Plaintiff incorporates all of the allegations in paragraphs 1 - 46 as alleged in paragraph 54 of Plaintiff's Complaint.  All allegations that were denied before are denied again.

15.    Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraphs 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 of Plaintiff's Complaint; therefore, all allegations contained in these paragraphs are denied.

16.    Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraphs 65, 66, 67, 68, and 69 of Plaintiff's Complaint; therefore, all allegations contained in these paragraphs are denied.

VI.    VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT (ACRA),
        A.C.A § 16-123-101 ET SEQ.

17.    Separate Defendant acknowledges that Plaintiff incorporates all of the allegations in paragraphs 1 - 46 as alleged in paragraph 70 of Plaintiff's Complaint.  All allegations that

were denied before are denied again.

18.     Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraphs 71, 72, 73, 74, and 75 of Plaintiff's Complaint; therefore, all allegations contained in these paragraphs are denied.

VII.    VIOLATION OF 42 U.S.C. § 1981 and 1983

19.     Separate Defendant acknowledges that Plaintiff incorporates all of the allegations in paragraphs 1 - 46 as alleged in paragraph 76 of Plaintiff's Complaint.  All allegations that were denied before are denied again.

20.     Separate Defendant has insufficient information or knowledge to admit or deny those allegations contained in paragraphs 77, 78, 79, 80, 81, and 82 of Plaintiff's Complaint; therefore, all allegations contained in these paragraphs are denied.

21.     Separate Defendant joins with the Plaintiff in their request for a trial by jury contained in paragraph 83 of Plaintiff's Complaint.

22.     Those allegations contained in Plaintiff's Complaint that have not been specifically admitted by this Answer are hereby denied.

23.     Separate Defendant affirmatively asserts that at no time has it engaged in any conduct that has resulted in the Plaintiff's constitutional rights being violated.

24.     Separate Defendant affirmatively asserts that to the extent that it has been sued for state tort claims, it is entitled to the defense of tort immunity.

25.     To the extent that any of the following defenses apply, Separate Defendant affirmatively asserts the following:

        A.      Statute of Limitation;

     B.      Improper Venue;

     C.      Insufficiency of Service;

     D.      Estoppel;

     E.      Laches;

     F.      Unclean Hands

     G.      Statute of Frauds;

     H.      Contributory Negligence;

     I.      Sovereign Immunity; and

     J.      Plaintiff has failed to mitigate damages.

26.    Separate Defendant affirmatively asserts that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

27.    Separate Defendant affirmatively asserts that to the extent that Plaintiff has sustained damages, these damages are a direct and proximate result of Plaintiff's own conduct.

28.    Defendant specifically reserved the right to plead further in this case as evidence and discovery are developed.

**WHEREFORE**, Separate Defendant, Little River County, Arkansas, by and through counsel, Ralph C. Ohm and C. Burt Newell, having fully answered the Plaintiff's Complaint, respectfully pray that this Honorable Court dismiss Plaintiff's Complaint with prejudice, award it costs herein expended, including attorneys fees, and grant to it all other just and proper relief to which this Court deems it to be entitled.

    **Respectfully submitted,**

    **By:   /s/ Ralph c. Ohm**

**Ralph C. Ohm, Bar No. 82119**
**Attorney for Separate Defendant**
**P.O. Box 1558**
**Hot Springs, AR 71902-1558**
**(501) 624-7555**
**(501) 624-7575 Fax**
**aperma@hotspringslaw.net**

**C. Burt Newell, Bar No. 82118**
**Attorney for Separate Defendant**
**P.O. Box 1620**
**Hot Springs, AR 71902-1620**
**(501) 321-2222**
**(501) 624-0533 Fax**
**aperma@hotspringslaw.net**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and I hereby certify that I have mailed the documents by the United States Postal Service to the following non-CME/ECF participants:

Morris W. Thompson
Morris W. Thompson Law Firm P.S.
P.O. Box 662
Little Rock, AR 72203

**By    /s/ Ralph c. Ohm**
**Ralph C. Ohm**