IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SARAH DEADNER as Guardian of
the Estate and Person of DUFF DEADNER,
an incapacitated person                                                                               PLAINTIFF

vs.                                             Civil No. 4:10-cv-04029

LITTLE RIVER NURSING
HOME, INC., *et al*                                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is separate Defendants, Little River Nursing Home, Inc., Angela Durham, David Deaton, and Brenda Garner, Motion to Dismiss. ECF No. 28. This Motion was filed on September 13, 2010. *See id.* On October 15, 2010, Plaintiff filed a response to this Motion. ECF No. 34. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

Subsequent to the filing of this Motion to Dismiss, Plaintiff was granted leave to file, and filed, an Amended Complaint. ECF No. 38. In response, these separate Defendants have filed a subsequent Motion to Dismiss. ECF No. 40. Thus, this Court finds Defendants' Motion to Dismiss (ECF No. 28) to be moot.

The Amended Complaint supercedes Plaintiff's original Complaint. *See Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co.,* 68 F.2d 787, 788 (8th Cir. 1934). *See also Brasel v. Weyerhaeuser Co.,* 2008 WL 693805, at *2 (W.D. Ark. March 12, 2008) (J. Barnes) (following *Brown Sheet Iron* and holding that an amended complaint supercedes an original complaint). Thus,

1

Defendants' Motion to Dismiss (ECF No. 28) should also be denied as moot for this reason.

Accordingly, based upon the foregoing, this Court recommends Defendants' Motion to Dismiss (ECF No. 28) be **DENIED AS MOOT.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 8th day of February, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE