IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SARAH DEADNER as Guardian of
the Estate and Person of DUFF DEADNER,
an incapacitated person                                                                                    PLAINTIFF

vs.                                           Civil No. 4:10-cv-04029

LITTLE RIVER NURSING
HOME, INC., *et al*                                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is separate Defendant, George Covert, M.D.'s ("Covert"), Motion to Dismiss. ECF No. 26. This Motion was filed on September 13, 2010. *See id.* Plaintiff has not filed a response to this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. On January 13, 2011, a hearing was held on this matter. This Motion is now ready for consideration, and, in accordance with the following reasoning, this Court recommends this Motion be **GRANTED.**

On March 12, 2010, Plaintiff filed suit against separate Defendant Covert and others. ECF No. 1. On April 26, 2010, Covert joined the other Defendants in this matter and filed a Motion to Dismiss. ECF No. 12. On August 30, 2010, Plaintiffs filed an Amended Complaint and abandoned all claims or mention of Covert. ECF No. 24. On September 13, 2010, Covert filed his Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) as Plaintiff had abandoned all claims against him. ECF No. 26. Plaintiff has not responded to this Motion. On November 9, 2010, Plaintiff filed a Second Amended Complaint which also made no claim against Covert. ECF No. 38. On January 13, 2011,

a hearing was held on Defendant Covert's Motion to Dismiss. ECF No. 26. At this hearing, Plaintiff stated he had no opposition to the granting of this Motion and stated Plaintiff was no longer making any claim against Covert in this action.

The Amended Complaint supercedes Plaintiff's original Complaint. *See Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co.,* 68 F.2d 787, 788 (8th Cir. 1934). *See also Brasel v. Weyerhaeuser Co.,* 2008 WL 693805, at *2 (W.D. Ark. March 12, 2008) (J. Barnes) (following *Brown Sheet Iron* and holding that an amended complaint supercedes an original complaint). Plaintiff has not alleged a cause of action against Covert in either Amended Complaint. ECF Nos. 24, 38. Thus, Plaintiff no longer has a cause of action against Covert.

Accordingly, based upon the foregoing, this Court recommends Defendant Covert's Motion to Dismiss (ECF No. 26) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 25th day of March, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE