IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SARAH DEADNER as Guardian of
the Estate and Person of DUFF DEADNER,
an incapacitated person                                                                           PLAINTIFF

vs.                                         Civil No. 4:10-cv-04029

LITTLE RIVER NURSING
HOME, INC., *et al*                                                                             DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed May 13, 2011 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 52). Judge Bryant recommends that the Defendants' Motion to Dismiss (ECF No. 40) be granted as to Plaintiff's claims against Angela Durham, Brenda Garner, and David Deaton in their individual capacities, as well as to Plaintiff's claims based upon violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Arkansas Civil Rights Act of 1993. Judge Bryant further recommends that the Defendants' Motion to Dismiss (ECF No. 40) be denied as to Plaintiff's claims based upon a violation of the Arkansas Long Term Care Resident's Rights Act and breach of contract. After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

First, Plaintiff objects to Judge Bryant's finding that Angela Durham, Brenda Garner, and David Deaton ("Individual Defendants") are entitled to qualified immunity. Under qualified immunity, state actors are protected from civil liability when their conduct does not violate clearly

1

established constitutional rights of which a reasonable person would have known. *Kuha v. City of Minnetonka*, 365 F.3d 590, 606 (8th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Here, the Court agrees with Judge Bryant that Plaintiff has failed to demonstrate that a federal constitutional right has been violated.

Plaintiff argues that the following allegation set forth in his Amended Complaint is factually specific enough to overcome a Motion to Dismiss:  "[S]imilarly situated white males who had a history of actual sexual inappropriate behavior toward staff and other female residents were not treated as was Mr. Deadner and summarily transferred or discharged." (ECF No. 38 at Par. 63). However, applying the applicable standards for general pleading under Federal Rule of Civil Procedure 8(a), Plaintiff's bare factual allegation of a constitutional violation is not sufficient to overcome a Motion to Dismiss.  In order to overcome a motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A pleading will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal* at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Here, Plaintiff offers nothing more than a bare allegation that similarly situated white males were treated differently than Plaintiff.  This assertion amounts to the type of "formulaic recitation" of elements of a cause of action that requires further factual enhancement to overcome a Motion to Dismiss.  Because no other facts have been provided that would raise a reasonable inference that Defendants are liable for the constitutional violation that Plaintiff has alleged, a finding of qualified immunity as to Individual Defendants is appropriate.

Second, Plaintiff objects to Judge Bryant's finding that Little River Nursing Home and Individual Defendants in their official capacities are not liable for alleged violations of Plaintiff's constitutional rights under § 1983. The threshold issue in a § 1983, official-capacity claim is determining whether there has been a constitutional violation by a government entity that has caused harm to a plaintiff. *Stauch v. City of Columbia Heights*, 212 F.3d 425, 429 (8th Cir.2000). Because the Court has previously determined that a constitutional violation has not been sufficiently alleged, Plaintiff has not met the first element required to bring suit against Defendants. Therefore, it is not necessary to consider the second element of municipality liability, whether a custom or policy of the municipality is responsible for a constitutional violation. However, Judge Bryant fully addressed these issues in his Report and Recommendation, and this Court agrees with his finding that no policy or custom of the municipality has been sufficiently alleged by Plaintiff to have caused a constitutional violation.

Third, Plaintiff objects to Judge Bryant's finding that Plaintiff's state law claim under the Arkansas Civil Rights Act of 1993 should be dismissed for reasons parallel to the dismissal of Plaintiff's § 1983 claims. The Arkansas Civil Rights Act expressly instructs courts to look to federal civil-rights law when interpreting the Act. *See* Ark. Code Ann. § 16-123-105(c). Therefore, the same analysis used to determine whether Plaintiff's § 1983 claims should be dismissed should be used to determine the viability of Plaintiff's claim under the Arkansas Civil Rights Act. The Court agrees with Judge Bryant that based upon the dismissal of Plaintiff's § 1983 claims above, Defendants' Motion to Dismiss should be granted as to Plaintiff's claims based upon the Arkansas Civil Rights Act.

The Court overrules Plaintiff's objections and adopts Judge Bryant's Report and

Recommendation (ECF No. 52). For the reasons stated herein and above, as well as those contained in the Report and Recommendation (ECF No. 52), Defendant's Motion to Dismiss (ECF No. 40) is **GRANTED** as to the Individual Defendants' entitlement to qualified immunity and all claims against them in their individual capacity should be dismissed as a matter of law. The Defendants' Motion to Dismiss should be **GRANTED** as to Plaintiff's claims based upon violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Arkansas Civil Rights Act of 1993. The Motion is **DENIED** as to Plaintiff's claims based upon a violation of the Arkansas Long Term Care Resident's Rights Act and breach of contract.

　　　　IT IS SO ORDERED, this 2nd day of August, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Harry F. Barnes
　　　　　　　　　　　　　　　　　　　　　　　Hon. Harry F. Barnes
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge